IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| CHRISTOPHER BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )       CV 125-204 |
| | ) |
| SERGEANT KUNTZ et al., | ) |
| | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, detained at Charles B. Webster Detention Center in Augusta, Georgia, was one of two detainees who attempted to join in bringing one lawsuit against Defendants. See Brown et al. v. Kuntz et al., CV 125-171 (S.D. Ga. July 25, 2025). United States District Judge J. Randal Hall dismissed that improperly filed lawsuit without prejudice and directed the Clerk of Court to file two separate lawsuits and directed each Plaintiff must submit his own new complaint within fourteen days of the Clerk opening a new lawsuit in each plaintiff's name. Id., doc. no. 6. The Clerk of Court opened the above-captioned case on September 4, 2025, and sent Plaintiff the requisite complaint form, as well as Judge Hall's Order informing Plaintiff of the fourteen-day deadline for returning the new complaint. (Doc. no. 1.) The September 4, 2025 Order also warned Plaintiff that the failure to timely submit the new complaint shall result in dismissal of the newly opened case. (See id. at 2.) The time to respond has passed, and Plaintiff has not submitted a new complaint. Nor has he provided the Court with any explanation why he has not complied.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Hum. Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Also, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to file a new complaint, or even to provide the Court with an explanation for his failure to comply with Judge Hall's September 4th Order amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Plaintiff has been warned that failing to submit a new complaint would be an election to have his case voluntarily dismissed. (See doc. no. 1, p. 2.) Because Plaintiff is proceeding IFP, the Court finds the imposition of monetary sanctions is not a feasible sanction. Therefore, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**. Because this case is due

to be dismissed, Plaintiff's pending motion to proceed *in forma pauperis* should be **DENIED** as **MOOT**. (Doc. no. 3.)

SO REPORTED and RECOMMENDED this 2nd day of October, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA